# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

ROBERT LEE DAVIS                                                                           PLAINTIFF

V.                                          2:07CV00029-WRW

GARY MITCHUSSON *et al.*                                                                DEFENDANTS

## ORDER

Plaintiff, who was formerly held at the North Central Unit of the Arkansas Department of Correction, filed a *pro se*[1] complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on February 16, 2007.

According to Plaintiff's complaint, he was denied his right to a speedy trial in May of 1995, on charges arising from an incident alleged to have occurred in early 1992. Plaintiff seeks $15,000,000.00 in damages for various alleged injuries. For the reasons set forth below, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

1

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

Plaintiff's complaint must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). In *Heck*, the Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. There is no indication that Plaintiff's sentence has been reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*.[2] If the Court were to find in Plaintiff's favor, it would certainly imply the invalidity of his

---

[2] In fact, Plaintiff has already filed a *habeas* action, in which he alleged that he did not receive a speedy trial. Plaintiff's petition was dismissed as untimely by order entered on December 8, 2006. *See* ED/AR No. 5:06CV00032.

conviction. Thus, Plaintiff's complaint falls within *Heck, supra*, and must be dismissed for failure to state a claim upon which relief may be granted.

The Court also notes that the events Plaintiff complains of occurred more than 10 years ago. The statute of limitations for § 1983 actions in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). Thus, the statute of limitations provides yet another reason for dismissal for failure to state a claim.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 18th day of April, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE